**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRICE ANTHONY PEELER, | No. 18-16870 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00582-TLN-CKD |
| v. | |
| KEVIN REALI; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 15, 2019[**]

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Brice Anthony Peeler appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging false

arrest and malicious prosecution claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any basis supported by the record. *See Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Peeler's malicious prosecution claim because Peeler failed to allege facts sufficient to show that defendants acted with malice and without probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (elements of malicious prosecution claim under § 1983); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege sufficient facts to state a plausible claim).

Dismissal of Peeler's false arrest claim was proper because Peeler failed to allege facts sufficient to show that defendants lacked probable cause to arrest him. *See Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) (requirements for a false arrest claim). To the extent Peeler's claims rest on an implied invalidity of his conviction, they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

To the extent that Peeler's claims against defendants are based on a theory of respondeat superior, Peeler failed to state a claim because neither government

entities nor individuals can be held vicariously liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978) (explaining that a municipality cannot be held liable under § 1983 on a respondeat superior theory); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

**AFFIRMED.**